# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY THOMAS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:11CV810 CEJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. The motion is both untimely and a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied.

On May 18, 2005, a jury found movant guilty of four counts of mail fraud (in violation of 18 U.S.C. §§ 1341 and 2), one count of wire fraud (in violation of 18 U.S.C.§§ 1343 and 2), two counts of money laundering (in violation of 18 U.S.C. §§ 1957 and 2), and one count of bank fraud (in violation of 18 U.S.C. §§ 1344 and 2). He was sentenced on August 12, 2005, to a 172-month term of imprisonment, to be followed by a five-year supervised release term. The judgment also required movant to pay restitution in the sum of $1,147,683.71. The judgment was affirmed on appeal. United States v. Thomas, 451 F.3d 543 (8th Cir. 2006). The United States

Supreme Court denied movant's petition for a writ of certiorari. Thomas v. United States, 549 U.S. 1144, 127 S.Ct. 1010, 166 L.Ed.2d 761 (2007).

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on April 28, 2008, asserting nine claims of ineffective assistance of counsel. This Court denied the motion based on movant's failure to file his motion to vacate within the statute of limitations, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on March 31, 2011.

In the instant motion, movant again asserts claims of ineffective assistance of counsel. As the Court held with regard to movant's first motion to vacate, movant's arguments are untimely and are subject to dismissal. Moreover, movant's motion is also considered successive, and absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. See 28 U.S.C. §§ 2244 and 2255.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED**.

Dated this 18th day of May, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE