RECEIVED BY MAIL
JUN 22 2011
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

JEFFREY THOMAS
    Defendant/Petitioner

vs.                                                 Docket No.: 4:11 CV 810 CEJ

UNITED STATES OF AMERICA
    Plaintiff/Respondent
_____/

## MOTION FOR RECONSIDERATION AND/OR MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, Petitioner Jeffrey Thomas, with motion for reconsideration pursuant to Rule 59(e) of the Fed. R. Civ. Pro. and provides as follows:

1. Movant on January 3, 2008, timely filed a Title 28 U.S.C. § 2255 by providing the same to prison authorities for mailing via the prisons legal mail system. (D. E. 1)

2. The motion also included a request for a 120 day extension of time to file a detailed memorandum of law with supporting authorities which was notarized by BOP Prison Staff, Vicky Talbert. (See Appendix A)

3. Subsequent to Ms. Talbert notarizing the motion, Thomas then took the motion to FMC-Lexington's mailroom and deposited his motion in the institution's only authorized Legal Mail Box with sufficient prepaid first class postage affixed for mailing to the Court. (See Appendix B, Certificate of Truth)

4. This date was important since Thomas' petition for a writ of certiorari was denied on January 7, 2007; therefore, his Title 28 U.S.C. 2255 was due on or before January 7, 2008.

5. Unfortunately, and unknown to Thomas, the pleadings were either lost in the mail or not docketed by the Clerk's Office.

6. On April 28, 2008, the Clerk's office filed Thomas's additional claims and memorandum of law as per the requested 120-day extension from the January 3, 2008 filing.

7. When it became evident to Thomas that the January 3, 2008 pleading was misplaced, he filed his Reply Brief with the January 3, 2008 pleadings *attached as an exhibit* explaining to the Court that the motion was mailed via the Prison's Legal Mail system with sufficient First Class postage with the notary signature of Vicky Talbert[1] attesting the filed date.

8. Ultimately, the District Court denied the Title 28 U.S.C. § 2255 petition as untimely.

9. Thomas proceeded on appeal; however, the January 3, 2008 pleading was never filed and never considered by the District Court.

---

[1] Vicky Talbert is a Federal Bureau of Prison's staff member that notarized the motion when filed on January 3, 2008.

10. The Court in *Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir. 2001) addressed how to handle the exact situation where a pleading is timely filed, but never arrives at the Clerk's Office:

> "We hold that *Houston's* rationale applies with equal force in such a case. In developing the prison mailbox rule, *Houston* noted that prisoners "cannot take the steps other litigants can take to monitor the processing of their [documents] and to ensure that the court clerk receives and stamps them before" the applicable deadlines. 487 U.S. at 270-71. Moreover, prison officials may have an incentive to delay prisoners' court filings, and prisoners will have a hard time proving that the officials did so. *Id.* at 271. A prisoner's control over the filing of his petition ceases when he delivers it to prison officials. *Id.* at 270-71. Whether or not the petition is actually placed in the mail, delivered to the court or filed once it arrives there, are all matters beyond the prisoner's control. A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.

*Id.* at 1223.

11. The Eight Circuit follows this reasoning in *Am. Boat Co., Inc. v. Unknown Sunken Barge,* 2008 U.S. Dist. LEXIS 32828 (E.D. Mo. Apr. 22, 2008)(proof that the transmitted item is not in the recipient's possession is not sufficient to rebut the presumption of receipt)(Quoting *Huizar v. Carey,* 273 F.3d 1220 (9th Cir. 2001)(same).

12. See also, *Grady v. United States,* 269 F.3d 913, 916 (8th Cir. 2001)(Under our jurisprudence, then, a prisoner seeking to benefit from the prison mailbox rule must satisfy the requirements of Rule 4(c) whether he files a notice of appeal, a habeas petition, or a § 2255 motion.)

13. Furthermore, this Court has not addressed whether the January 3, 2008 pleading might have been misplaced by the Clerk's office *after* it arrived.

14. In *United States v. Payne,* 4:01-CR-476, <u>this same Clerks Office</u> misplaced the filing of Title 21 USC § 851 pleading. The Court in that case directed the same be filed <u>as per the date alleged on the document</u>. "The Court conclude[d] that a mechanical error occurred in the Clerk's Office which caused the original Criminal Information to become lost or misplaced, as the document was received by the Clerk but never filed and made a part of the official court record." *Id.* [D.E. 543]

15. Since Thomas immediately acted on the missing document by filing the same with his reply, this clearly establishes that due diligence was followed at all stages of the proceedings. See, *Wade-Bey v. Fluery,* 2008 U.S. Dist. LEXIS 51777 (W.D. Mich. July 8, 2008)(At least one court has extended the mailbox rule to the situation where a prisoner's submission is never received by the court, provided the prisoner "diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.")

16. The timely filing of the January 3, 2008 pleading that was never docket on should be considered timely filed *nunc pro tunc* to that date.

4

## CONCLUSION

WHEREFORE, for all the reasons presented herein, Thomas respectfully prays this Honorable Court grant this motion for reconsideration pursuant to Rule 59(e) of the Fed. R. Civ. Pro. on the issues presented therein.

Done this 15th June, 2011

*Jeffrey Thomas*
Jeffrey Thomas
Register No.: 30695-044
Federal Correctional Institution
P.O. Box 4000
Manchester, Ky 40962

## CERTIFICATE OF SERVICE

I HERBY DO CERTIFY that a true and correct copy of this to: A. U. S. A. John Bodenhausen, 111 South 10th Street, Room 20.333, St. Louis, MO 63102 via the Federal Bureau of Prison's Legal Mail System, with sufficient First Class Postage affixed thereto.

Done this 15th June, 2011

*Jeffrey Thomas*
Jeffrey Thomas
Register No.: 30695-044
Federal Correctional Institution
P.O. Box 4000
Manchester, Ky 40962



NAME Jeffrey Thomas
REG. NO. 30645-044   QTR. Oneida-B
FEDERAL CORRECTIONAL INSTITUTION - Camp
P.O. BOX 4000
MANCHESTER, KY 40962-4000

FEDERAL CORRECTIONAL INSTITUTION
MANCHESTER, KY 40962

Date: 6-15-11

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosure to the above address.

LEXINGTON KY 405
20 JUN 2011 PM 1 T

RECEIVED BY MAIL
JUN 22 2011
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

Office of The Clerk
United States District Court
Eastern District of Missouri
111 S. Tenth Street
St. Louis, Missouri 63102

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

JEFFREY THOMAS
    Defendant/Petitioner

vs.                                          Docket No.:  4:11 CV 810 CEJ

UNITED STATES OF AMERICA
    Plaintiff/Respondent
_____/

## AFFIDAVIT OF TRUTH
## JEFFREY THOMAS

    COMES NOW, Petitioner Jeffrey Thomas, pursuant to Penalty of Perjury under Title 28 U.S.C. § 1746, with this his Sworn Affidavit in Support of his Motion for Reconsideration and in support provides as follows:

    1. On January 3, 2008 I submitted via the Federal Prison's Legal Mail System with sufficient pre-paid postage, my Title 28 U.S.C. § 2255 petition along with an incorporated motion requesting a 120 day extension of time in order to prepare a proper memorandum of law with supporting documentation.

    2. The motion requesting a 120 day extension was notarized by FBOP Staff Vicky Talbert.

    3. I was under the impression all along that my motion was filed since I did not hear to the contrary from the Clerk's Office.

4. In fact, since the Court denied my request for additional documents from my case on February 28, 2008, I was under the impression that all my motions were filed and the Court was awaiting for the additional memorandum of law.

5. Prior to the 120 day deadline requested in my original pleading, I filed my new petition with my memorandum of law as I requested.

6. I used the institutions legal mail system as required for all legal mail pleadings to the Court and I included sufficient pre-paid postage.

Done this 15th June, 2011

Jeffrey Thomas
Register No.: 30695-044
Federal Correctional Institution
P.O. Box 4000
Manchester, Ky 40962

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEFFREY THOMAS,  )
    Petitioner,  )
  )
  )
VS.  )  Civil Filing
  )  28 U.S.C. 2255
UNITED STATES OF AMERICA  )
    Respondent,  )

<u>MOTION FOR LEAVE REQUESTING A 120 DAY EXTENSION OF TIME
WITHIN WHICH TO FILE AN AMENDED § 2255 PETITION TO
SUPPLEMENT ATTACHED § 2255 PETITION AND TO FILE A MORE
DETAILED MEMORANDUM OF LAW WITH RELEVANT POINTS AND
AUTHORITIES IN SUPPORT OF PETITION</u>

NOW COMES, Petitoner, Jeffrey Thomas, pro-se and does hereby respectfully request approval from this Honorable Court for a 120 day extension of time within which to file an amended §2255 to supplement attached petition together with a detailed memorandum of law in support.

In support of this motion, Petitioner states the following:

1. On or about September 2007, Petitioner Jeffrey Thomas's family made arrangements with out of state legal counsel to research and prepare his §2255 petition, and on or about late October 2007, Petitioner Jeffrey Thomas learned that no research or work had been performed on his case as November 2007 by the firm.

2. In November 2007, Petitioner Jeffrey Thomas's family sought to retain new legal counsel but terminated such efforts, becuase of racial remarks, slanderous statements, and a verbal assault on petitioner's family member.

3. Petitioner Jeffrey Thomas's family has been referred to different and competent legal counsel and is in the process of securing the required funds to retain the firm's services to assist petitioner in preparing an amended § 2255 petition to include controlling circuit and Supreme Court Case Law.

4. Petitioner Jeffrey Thomas states that he has worked closely with the University of Kentucky's School of Law over the past months relative to his case and due to the complexity of the issues and skill required to properly litigate a §2255 appeal, Petitioner respectfully requests a 120 day extension of time within which to amend his current §2255 petition with the assistance of an experienced writ writer and legal counsel.

5. Petitioner Jeffrey Thomas has recently discovered material facts that he believes were knowingly suppressed and concealed from him and his Court appointed counsel during the course of pretrial and trial and such facts were material to a proper defense of the case and despite having written to various police agencies in November and December 2007, the relevant facts and files are still being suppressed in violation of <u>Brady v. Maryland</u> as of the date, January 3, 2008.

6. About two weeks ago, December 23, 2007, Petitioner did write to court appointed counsel requesting specific documents that constitutes Brady material but due to the holiday and mail delays, Petitioner has not received a reply from former counsel as of today, January 3, 2008.

7. Petitioner Jeffrey Thomas also seeks the 120 day extension of time within which to file an amended §2255 petition so that he can secure facts necessary to properly allege several Brady and additional constructive denial of counsel claims resulting from the Brady violations and Petitioner needs the professional services of legal counsel to secure the necessary documents to include the issues in his §2255 petition with sufficient facts to avoid dismissal due to lack of facts.

8. Petitioner Jeffrey Thomas is submitting the attached §2255 petition with the more obvious issues but respectfully requests an additional 120 days within which to file a revised petition to more fully raise

and argue all of his consitutional claims and such extension is necessary to allow his new legal counsel to review his notes, research, and desired issues for full briefing.

9. This request is being made for good cause and not to frustrate the proceedings and no interested party will be prejudiced should the Court grant Petitioner Jeffrey Thomas's request made herein.

WHEREFORE: Petitioner Jeffrey Thomas respectfully prays this Honorable Court grant this motion For Leave Requesting a 120 Day Extension of Time Within Which To File An Amended §2255 Petition And To File A More Detailed Memorandum Of Law With Relevant Points and Authorities In Support.

Executed this 3 day of January 2008.

Further Affiant Sayeth Not.

Done this 3rd day of January 2008. A.D.

All Rights Reserved,

*Jeffrey Thomas* - #30695-044
Jeffrey Thomas Affiant

NOTARY STATEMENT

The state of Kentucky   )
                       ) Scilicet
Fayette County         )

Before me, a Notary Public for the State of Kentucky, Fayette County personally appeared Jeffrey Thomas known to me( or provided to me on the basis of satisfactory evidence) to be the man whose name is subscribed to the within instrument, and being duly sworn according to law did affirm and subscribe to the foregoing under the penalties of perjury on This  3rd  day of  January  2008 A.D.

WITNESS MY HAND AND OFFICIAL SEAL.

*Vicki Talbert*
NOTARY SIGNATURE
Notary Public for Kentucky
Fayette County
My Commission Expires:  6/27/2010  (Seal)

NOTICE OF FILING

I declare under penalty of perjury that the foregoing is true and correct and that this Motion for Leave Reqesting A 120 Day Extension of Time Within Which To File An Amended §2255 Petition To Supplement Attached §2255 Petition and To File a More Detailed Memorandum of Law with relevant Points and Authorities was placed in the prison mailing system on January 3rd 2008.

Signed on January 3rd 2008 A.D.

1/3/08

Jeffrey Thomas
30695-044
Federal Medical Center
P.O. BOX 14500
Lexington Ky, 40512-4501